THOMPSON-ARTHUR PAVING COMPANY, A DIVISION OF APAC-CAROLINA, INC., PLAINTIFF v. NORTH CAROLINA DEPARTMENT OF TRANSPORTATION, DEFENDANT

Nos. 8918SC647
8918SC648

(Filed 16 January 1990)

**Highways and Cartways § 9.3 (NCI3d) — construction of highway — underrun in unclassified excavation — no additional compensation — no breach of warranty**

There was no merit to plaintiff contractor's claim that defendant was liable on a breach of warranty theory based on the fact that the amount of unclassified excavation underran bid estimates in two contracts, and that underruns in the amount of unclassified excavation materially changed the character of the work as well as the cost to perform the work, since the parties' contract clearly established that the contractor was not entitled to an increase in unit price or additional compensation for underruns in minor contract items; there were no supplemental agreements covering plaintiff's claims; and the contract made numerous references to the effect that quantities contained in bid proposals were estimates and did not constitute warranties.

**Am Jur 2d, Public Works and Contracts §§ 23, 176-178.**

APPEAL by plaintiff from *DeRamus, Judge.* Summary judgments entered 7 March 1989 in GUILFORD County Superior Court. Heard in the Court of Appeals 6 December 1989.

Plaintiff contractor was awarded two highway construction contracts with defendant Department of Transportation (DOT)

to do grading and paving work in Guilford County. Unclassified excavation was a minor contract item in both contracts. During construction defendant paid plaintiff for unclassified excavation in regular installments. The payments were based on defendant's estimates of the amount of unclassified excavation. When the projects were finished, defendant resurveyed the sites and discovered that both projects had required less than the estimated amount of unclassified excavation. Defendant then required plaintiff to return funds representing the difference between the estimated and actual amount of unclassified excavation. Plaintiff argued that inefficiencies associated with working with a smaller quantity of earth caused plaintiff's cost per cubic yard to increase. Plaintiff brought separate actions for the recovery of additional compensation on each contract under N.C. Gen. Stat. § 136-29. Defendant moved for summary judgment in both cases. From the trial court's grant of defendant's motions, plaintiff appeals. Because the actions involve common questions of fact and law the appeals were consolidated by order of this Court on 21 June 1989.

*Craige, Brawley, Lüpfert & Ross, by William W. Walker, for plaintiff-appellant.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Richard G. Sowerby, Jr., for defendant-appellee.*

WELLS, Judge.

Plaintiff argues that summary judgment was improvidently granted in both cases because genuine issues of material fact exist. Summary judgment should be granted when there is no genuine issue of material fact for trial and the moving party is entitled to judgment as a matter of law. N.C. Gen. Stat. § 1A-1, Rule 56 (1983). Plaintiff contends that defendant DOT is liable on a breach of warranty theory based on the fact that the amount of unclassified excavation underran bid estimates in both contracts. Plaintiff asserts that underruns in the amount of unclassified excavation materially changed the character of the work as well as the cost to perform the work.

N.C. Gen. Stat. § 136-29 provides for adjustments and resolution of highway construction contract claims. When a contractor's claim has been denied by the State Highway Administrator, one option available to the contractor is the institution of a civil action for the sum he claims to be entitled under the contract. *See*

G.S. § 136-29(b) (Supp. 1989). Our courts have previously interpreted this to mean that recovery is possible only within the terms and framework of the underlying contract. *See, e.g., Nello L. Teer Co. v. N.C. State Highway Commission,* 4 N.C. App. 126, 166 S.E.2d 705 (1969), and *Lowder, Inc. v. Highway Comm.,* 26 N.C. App. 622, 217 S.E.2d 682, *cert. denied,* 288 N.C. 393, 218 S.E.2d 467 (1975). When the State consents to be sued and provides statutory provisions for an action against it, not only must those procedures be followed, but the remedies provided are exclusive. *Harrison Assocs., Inc. v. N.C. State Ports Authority,* 280 N.C. 251, 185 S.E.2d 793 (1972). In order to be entitled to any relief, the contractor's claim must arise out of a breach of the contract. *Davidson and Jones, Inc. v. N.C. Dept. of Administration,* 315 N.C. 144, 337 S.E.2d 463 (1985). We therefore look to the contract in order to determine whether any basis of relief is available to plaintiff.

Plaintiff asserts that it is due an equitable adjustment to allow recovery of the extra costs incurred because of the underrun. Plaintiff relies primarily on our decisions in *Lowder, supra,* and *Groves & Sons, Inc. v. State,* 50 N.C. App. 1, 273 S.E.2d 465 (1980), *disc. rev. denied,* 302 N.C. 396, 279 S.E.2d 353 (1981). This reliance is misplaced, however, because in both of those cases equitable adjustments were available under "changed conditions" clauses in the underlying contracts. The "changed conditions" clause was deleted from the contracts for the projects at issue here. Therefore, an award of additional compensation based on "changed conditions" is unavailable to plaintiff in these cases.

The contract in question specifically incorporates by reference the North Carolina Department of Transportation's Standard Specifications for Roads and Structures dated 1 July 1978 (hereinafter the SSRS) with all amendments and supplements. When the language is clear and unambiguous the court must construe the contract as written. *See, e.g., Nello L. Teer Co. v. N.C. Hwy. Comm., supra.* In this case the contract establishes that the contractor is not entitled to an increase in unit price or additional compensation for underruns in minor contract items. Article 109-7 provides:

> Except as provided for by this article, payment for work performed will be made at the contract unit price or the contract lump sum price, as the case may be. . . . [N]or shall the Contractor receive additional compensation over and above the contract price for work performed or for extra work per-

THOMPSON-ARTHUR PAVING CO. v. N.C. DEPT. OF TRANSPORTATION

[97 N.C. App. 92 (1990)]

> formed, except for work performed pursuant to an executed supplemental agreement or work performed in accordance with the applicable provisions of Section 104.

In this case there were no supplemental agreements covering plaintiff's claims. In the absence of a supplemental agreement, the parties are bound by the terms of the contract and recovery, if any, is controlled by its provisions. *See Nello L. Teer Co. v. Hwy. Comm., supra.*

Article 104-4 of the SSRS addresses when an underrun of the original bid quantity justifies an increase in the contract unit price. The 1978 provision was modified by the Standard Special Provisions of January 1983. In pertinent part Article 104-4 provides: "The contractor will be entitled to an adjustment in contract unit prices . . . only as provided for in this article, . . . . No revision will be made to the contract unit price for any minor contract item which underruns the original bid quantities."

Plaintiff argues that Article 104-4 does not bar its claim because plaintiff is seeking recovery on the basis of breach of warranty, specifically that defendant's inaccurate estimates regarding unclassified excavation led to an increase in per unit cost which materially changed the character of the work as well as the cost of performing the work. For the following reasons, we disagree.

First, the contract makes numerous references to the effect that quantities contained in bid proposals are estimates and do not constitute warranties. For example, Article 102-5 of the SSRS provides:

> The quantities appearing in the proposal form are approximate only and are to be used for the comparison of bids. Payment to the Contractor will be made only for the actual quantities of the various items that are completed and accepted in accordance with the terms of the contract.

Likewise Article 225-8 provides that "[t]he quantities of excavation, measured as provided in Art. 225-7, will be paid for at the contract unit price per cubic yard . . . [and] [t]he above prices and payments will be full compensation for all work covered by this section. . . ." Finally Art. 102-6 of these contracts required the bidder to examine the plans, specifications, contract, and site of work before submitting a bid. That article provided:

> The submission of a bid shall be conclusive evidence that the Bidder has investigated and is satisfied as to the conditions to be encountered; as to the character, quality, and scope of work to be performed; the quantities of material to be furnished; and as to the requirements of the proposal form, plans, specifications, and contract.

These provisions clearly indicate that under these contracts, bid quantities constituted estimates only and were not submitted as warranties.

Finally, we are unpersuaded by plaintiff's contention that a material fact exists as to whether Article 104-3 provides plaintiff with a basis for recovery. This contract provision deals with the alteration of plans or details of construction. The underrun in unclassified excavation was not an alteration as anticipated by this section, nor can it be said to have affected the character of the work. Even assuming arguendo that this section was applicable, plaintiff has failed to meet the notice and record keeping requirements of that article.

In the present cases there was no provision in the contracts for recovery of additional compensation based on an underrun of a minor contract item. Article 104-4 plainly bars recovery on these facts and no other provision of the contract is applicable. Under G.S. § 136-29 a contractor is entitled to recover "the sum he claims to be entitled to under the contract." We therefore hold that the trial court properly entered summary judgment in these cases. The judgments of the trial court are

Affirmed.

Judges PHILLIPS and GREENE concur.